Filed 5/22/14  P. v. Pacella CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B251370 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA073658) |
| v. | |
| RICHARD PACELLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christine C. Ewell, Judge.  Affirmed.

Richard Pacella, in pro. per.; and William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## SUMMARY

An information alleged that on March 26, 2013, appellant Richard Pacella unlawfully possessed a controlled substance, specifically, "OXYCODONE," for sale in violation of Health and Safety Code section 11351, a felony.

Prior to trial, Pacella moved to suppress "all evidence recovered from [him] on March 26, 2013," challenging the legality of the police officers' warrantless search of his person. (Pen. Code, § 1538.5) Following an evidentiary hearing, that motion was denied. A jury found Pacella guilty. The trial court declined to grant probation and imposed the midterm sentence of three years, to be served in county jail (Pen. Code, § 1170, subd. (h)(5)).

We appointed counsel to represent Pacella on appeal. After examination of the record, Pacella's counsel filed an opening brief raising no issues, and asking this court independently to review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On January 7, 2014, we advised Pacella he had 30 days within which to personally submit any contentions or issues he wished us to consider. With our permission, Pacella filed a late supplemental brief on February 27, 2014.

## FACTUAL BACKGROUND

On March 26, 2013, Los Angeles Police Department Officer Eric Johnson and his partner, Officer Mia, were in plain clothes patrolling the area of Alhama Drive and Costanza Street. Officer Johnson, who had had prior contact with Pacella in the course of his law enforcement duties, saw him walking down the street. Pacella appeared to be under the influence of drugs.

The car pulled alongside Pacella and parked. Officers Johnson and Mia got out and approached Pacella, displayed their badges, identified themselves as police officers and asked if they could talk to him. After Officer Johnson identified himself as a police officer, he saw that Pacella's right hand was balled into a fist and asked what was in the hand. Pacella opened his hand to reveal a Ziploc bag containing 13 identical intact blue pills, later tested and identified as oxycodone, a broken Xanex bar and another broken oxycodone pill in a rolled up dollar bill. Officer Johnson took Pacella into custody, and searched him.

2

A cell phone in Pacella's pants pocket, which vibrated when Officer Johnson had it in his hand. Officer Johnson read two outgoing text messages, which he believed related to drug transactions. The first message—sent to an individual identified in the phone as "Straddling," stated, in part: "'Get rid of these Xans 4 me . . . 5 each, 2 milligram, top dose they make legal of not n these r safe. I have 680 of em. Make sumethin happen 4 me.'" The second text message—sent to "Moe"—stated, "'Sup Bud got bars, 4 5 each, 2 milligrams, n Blue Z 4 20 each all 2day.'" Officer Johnson had been a police officer for 16 years, and had training and experience regarding prescription narcotic pills including oxycodone. He testified that "Xans" is slang for Xanex bars, and "Blue," refers to oxycodone.

Officer Johnson also found an oxycodone pill bottle in Pacella's name, and a piece of paper with a list of pharmacies, which he believed were pharmacies used to obtain pills. He testified that the pill bottle was significant, because narcotics sellers are often users who sell their own stock of narcotics. Officer Johnson opined that both text messages meant Pacella was involved in narcotics transactions. He also believed that the pills in Pacella's hand were possessed for the purpose of sale, because someone who had a prescription for the pills would usually carry them in a prescription bottle. Because of the way the pills were packaged and the nature of the neighborhood he was found in, Officer Johnson opined that Pacella had been on his way to sell pills before being approached by the police.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we find that Pacella's supplemental brief raises no arguable issues. We find no arguable claim that Pacella's trial counsel was ineffective because he failed to heed Pacella's advice at the preliminary hearing to cross-examine both police officers, instead of Officer Johnson alone, that counsel should have ensured the officers were not in the courtroom at the same time, or that counsel should have used the long list of questions Pacella prepared for the officers' cross-examination. In any event, for an ineffective assistance of counsel claim to be sustained, the defendant must show that counsel's performance fell below an objective level of reasonableness and defendant was prejudiced by counsel's failings. (*People v. Williams* (1997) 16 Cal.4th 153, 214–215.) The defendant must also demonstrate from the record "'the lack of a rational tactical purpose for the challenged act or omission.'" (*Id*. at p. 215.) To the

3

extent Pacella claims his trial counsel should have conducted some further examination of the other arresting officer, we cannot ascertain what investigation counsel engaged in. "Where the record does not illuminate the basis for the challenged acts or omissions, a claim of ineffective assistance [of counsel] is more appropriately made in a petition for habeas corpus." (*People v. Pope* (1979) 23 Cal.3d 412, 426, overruled on another ground by *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.) Our review of the record reveals nothing to suggest any failure by Pacella's counsel contributed to the verdict. Pacella also complains about the veracity of Officer Johnson complaining that, just because "Officer Johnson testified that that was what happened, . . . that does not necessarily make it a true fact." The jury heard the officer's testimony at trial before reaching its verdict. The duty to determine witness credibility or weigh evidence relevant to such credibility rests solely with the jury.

Pacella complains that his midterm sentence of three years was too harsh, both because he was a first time felon and because, notwithstanding the prosecutor's representation to the contrary, he never said or implied that "even [he didn't] think[] that he [could] comply with the terms of probation in this case." To the extent that Pacella raises issues that are not apparent from the record, such matters are not cognizable in this appeal. (See *People v. Smith* (2007) 40 Cal.4th 483, 507.) As for Pacella's claim that his sentence is unduly harsh, he provides no authority, analysis or application of the law to the relevant facts of the case. To avoid forfeiture of his claim of error, Pacella had the burden to support his arguments with analysis and citation to evidence in the appellate record. (*People v. Hardy* (1992) 2 Cal.4th 86, 150; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159.) He failed to do so and, on that basis, we reject his claim. Finally, Pacella maintains the court erred in admitting the evidence of the text messages on his phone because, messages that were 36 hours old were too stale to illustrate his frame of mind at the time of his detention. We see no prejudicial evidentiary ruling.

We have reviewed the entire record in accordance with *Wende*, *supra*, 25 Cal.3d at p. 441 and *Anders v. California* (1967) 386 U.S. 738, 744 [87 S.Ct. 1396, 18 L.Ed.2d 493]. We are satisfied that Pacella's counsel fully complied with his responsibilities, and find

no arguable issues.  (*People v. Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *Wende*, *supra*, 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.